IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

WILLIE FRANKLIN JOWERS, and
LLOYD ERIC SYLVESTER TAYLOR,

    Plaintiffs,                                  No: 1:09-cv-1131-JDB-egb

    v.

GARY DEAN BECK, individually,
GARY DEAN BECK (as trustee of
The Gary Dean Beck Declaration of Trust
dated June 12, 2003, restated May 14, 2004),
GARY DEAN BECK (as co-trustee of
The Susan Beck Declaration of Trust dated
May 14, 2004),UNIVERSAL MARKETING
OF AMERICA, INC., AMERICAN MEDICAL
SECURITY GROUP, INC., PACIFICARE
HEALTH SYSTEMS, LLC., and
UNITEDHEALTH GROUP
INCORPORATED CORPORATION,

    Defendants.

---

ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER

---

On December10, 2009, this Court granted the motion to dismiss for failure to state a claim filed by Defendants American Medical Security Group, Inc. ("AMS"), PacifiCare Health Systems, LLC ("PacifiCare"), and Universal Marketing of America, Inc. ("Unimark"). (Docket Entry ("D.E.") No. 32, granting D.E. No. 19.) Before the Court is the Plaintiffs' motion for reconsideration of the December 10 Order (the "Order"), or, in the alternative, for leave to join defendants and to file a verified amended complaint (D.E. No. 37), to which the Defendants have responded (D.E. No. 40).

Although the Plaintiffs do not note the applicable rule, a request for reconsideration is properly analyzed under Fed. R. Civ. P. 59(e).  *See* Doe v. Patton, 381 F. Supp.2d 595, 605 (E.D. Ky. 2005), *reconsideration denied* (Jan. 14, 2005) (motions for reconsideration to be analyzed under Fed. R. Civ. P. 59(e)).  The purpose of a Rule 59(e) motion is

> to have the court reconsider matters properly encompassed in a decision on the merits.  This rule gives the district court the power to rectify its own mistakes . . . Generally, three situations justify a district court altering or amending its judgment:  (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice.  It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for appeal.

Sherwood v. Royal Ins. Co. of Am., 290 F. Supp.2d 856, 858 (N.D. Ohio 2003) (internal citations and quotation marks omitted).

In this case, the Plaintiffs, in their motion for reconsideration, also ask the Court for leave to file an amended complaint, the absence of which formed the basis of the Court's dismissal of their claims in the first instance. As the Court noted in the Order, the fact that one of the Defendants had answered the Plaintiffs' original complaint terminated their ability to amend their complaint as of right; instead, their ability to amend their complaint was entirely dependent upon their obtaining leave of court or the consent of opposing counsel. (D.E. No. 32, Order on Motion to Dismiss, p. 7) (citing Fed. R. Civ. P. 15(a)(2)). As the Plaintiffs had not attempted to obtain either and the motion to dismiss was ripe for disposition, the Court granted the motion.

Plaintiffs contend, however, that because the deadline for joining parties and amending pleadings had not passed as of the date of the Order, the Court should have waited until the deadline had passed to issue its ruling: "Plaintiffs believed pursuant to the Scheduling Order they

would have to and through December 14, 2009,[1] to amend their Complaint in partial response to [Defendants' Motion to Dismiss]. Therefore, Plaintiffs did not believe they needed to request the Court hold its decision on [Defendants' motion to dismiss]." (D.E. No. 37, Motion for Reconsideration, ¶ 3).What Plaintiffs may have believed in this regard is immaterial. Their response to the motion to dismiss referenced their amended complaint as if such pleading were extant at the time they filed their response, and in any event, gave no indication as to when or indeed if such an amended complaint ever would be filed. (*See* D.E. No. 30, Response to Motion to Dismiss, p. 2) ("Plaintiffs are filing an Amended Complaint, and so Plaintiffs submit that this Motion is moot . . . Plaintiffs have added a Count for Tortious Interference with Contract . . ..").

Nevertheless, at the time the Court issued its ruling, Plaintiffs had not attempted to obtain the consent of either this Court or opposing counsel to file an amended complaint (in fact, Plaintiffs to this day have not obtained the consent of opposing counsel to amend their complaint). As a result, the Court was in the position to rule on a motion that was ripe for disposition, and it did so making reference to the only pleadings that had been filed at that time. To suggest that the Court was required to do otherwise—simply because the deadline for filing amended pleadings had not yet passed—strains credulity. The mere fact that the Scheduling Order would have allowed Plaintiffs to file their amended complaint with permission does not obligate the Court to hold in abeyance all its rulings on motions that are ripe for disposition until the deadline for amendments has passed. If Plaintiffs desired to have the Court consider their

---

[1] The actual deadline for joining parties and amending pleadings, pursuant to the Scheduling Order, is *January* 14, 2010, not December 14, 2009. (D.E. No. 28, Scheduling Order.) This error, however, is of no consequence, as it does nothing to alter the Court's ruling on the motion to reconsider.

amended complaint when ruling on the motion to dismiss, they should have endeavored to make it part of the record in this case in a more timely fashion.

Finally, despite Plaintiffs' claim to the contrary, the Court believes that AMS, PacifiCare, and Unimark would, in fact, be prejudiced if the Court now allowed Plaintiffs to file their amended complaint and/or to re-join AMS, PacifiCare, and Unimark as parties. The Court's Order had the effect of dismissing these Defendants from this lawsuit entirely, so it is difficult to conceive of an action that would be more prejudicial to them than forcing them to re-litigate a suit from which they previously had been terminated. By filing their motion for reconsideration, the Plaintiffs simply seek a second bite at the apple, to which they are not entitled.

For the foregoing reasons, Plaintiffs' motion for reconsideration, or, in the alternative, to join defendants and file an amended complaint, is hereby DENIED.

**IT IS SO ORDERED** this, the 6th day of January, 2010.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE